**Kay Coles JAMES, Director of the Office of Personnel Management, Petitioner,**

v.

**Tim DALE, Respondent.**

**No. 700.**

United States Court of Appeals, Federal Circuit.

DECIDED: Oct. 2, 2002.

ON OPM PETITION FOR REVIEW

Before MICHEL, CLEVENGER, and PROST, Circuit Judges.

**ORDER**

PROST, Circuit Judge.

Kay Coles James, Director of the Office of Personnel Management (OPM), petitions for review of an arbitrator's decision reversing the Immigration & Naturalization Service's (INS) removal of Tim Dale. Dale opposes. OPM replies.

The INS removed Dale, a border patrol agent for, among other things, "associating with a known or suspected narcotics violator" in violation of the Border Patrol Handbook. Dale invited a young woman to move in with him and his wife and children. Shortly after the woman moved in, she was arrested for felony cocaine possession. Dale posted bond for the woman and she returned to Dale's home. Subsequently, a grand jury indicted the woman on the cocaine charge and she was again arrested. After the woman's father posted bail, Dale allowed the woman to return to his home. Dale posted an indemnity bond, guaranteeing that the woman would not leave the jurisdiction and would appear in court. Ultimately, the cocaine charges against the woman were dismissed after she complied with the terms of a deferred adjudication agreement calling for a certain period of good behavior.

The INS removed Dale based in part on the charge of association with a known or suspected narcotics violator. On appeal to an arbitrator, the arbitrator concluded, among other things, that Dale reasonably believed that the woman was not guilty of cocaine use and because the woman had not been convicted, the charge of associating with a known or suspected narcotics violator could not stand. The arbitrator denied OPM's petition for reconsideration.

OPM may seek review of an arbitrator's decision when it determines that the arbitrator's decision "will have a substan-

tial impact on a civil service law, rule, regulation or policy directive." 5 U.S.C. §§ 7703(d), 7121(f). OPM argues that the arbitrator erroneously injected a subjective belief standard into the requirement that border patrol agents not fraternize with suspected drug offenders, requiring the INS to show something more than Dale's awareness of the woman's arrests and indictment on drug charges while she continued to live with Dale. Additionally, OPM challenges the arbitrator's reliance on the ultimate dismissal of the drug charges against the woman as a basis for dismissing the charge against Dale. OPM asserts substantial impact in that the arbitrator's analysis would "effectively prevent[ ] agencies from disciplining law enforcement officers who associate with suspected (but not convicted) felons," and that agencies would be placed "in the untenable position of having to disprove an employee's subjective belief in the suspect's innocence, notwithstanding the existence of an indictment."

"[I]t is the duty of this court independently to assess whether an exercise of our discretionary jurisdiction is warranted." *Devine v. Sutermeister*, 724 F.2d 1558, 1562 (Fed.Cir.1983). We agree that OPM has met the threshold requirement of showing that the arbitrator's decision will have the requisite substantial impact. Thus, it is appropriate to grant OPM's petition.

Accordingly,

IT IS ORDERED THAT:

(1) OPM's petition for review is granted.

(2) The revised official caption is reflected above.